NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re Mou San Rim,<br><br>   Debtor/Appellant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civ. No. 10-1066 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

  This matter comes before the Court upon appeal by Mou San Rim ("Debtor" or "Appellant") from an Amended Order entered by the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") on January 6, 2010 reopening the bankruptcy case to recover assets for debtor's estate. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. For the reasons stated below, the Bankruptcy Court's Amended Order is affirmed, and Debtor's appeal is denied.

## I. BACKGROUND[1]

  Creditor Do Yea "Susan" Kim ("Creditor" or "Appellee"), Debtor's former employee, obtained a judgment against Debtor in the United States District Court for the Southern District of New York in the amount of $366,678.13. Appellee's Br. 4. Debtor has not satisfied any portion of this judgment. Appellee's Br. 5. On January 2, 2007, Debtor transferred his interest

---

[1] The facts in the Background section have been taken from the parties' submissions.

in two luxury condominiums to his son for no consideration. Appellee's Br. 5. At the time of the transfers, Debtor was a Defendant in the action by Creditor. Appellee's Br. 5.

Creditor filed suit against Debtor and his son in New York on April 15, 2009 ("Fraudulent Transfer Case") to set aside the condominium transfers as fraudulent conveyances. Appellee's Br. 5. Debtor did not answer the complaint and filed for Chapter 7 bankruptcy two months later. Appellee's Br. 5. The Fraudulent Transfer Case was stayed pending the bankruptcy proceedings.    Appellee's Br. 5. Though Creditor presented the United States Trustee ("Trustee") in Debtor's bankruptcy proceeding with a copy of the pleadings in the Fraudulent Transfer Case along with supporting documents, the Trustee declined to pursue the fraudulent claim on October 28, 2009. Appellee's Br. 6. That same day, the Trustee reported to the Court that "there is no property available for distribution from the estate." Appellee's Br. 7. The Court closed the case the next day. Appellee's Br. 7.

On February 2, 2010, a New York state court held that the condominium transfers were fraudulent. Appellee's Br. 7. The Bankruptcy Court agreed, issuing an order setting aside the transfers on March 19, 2010. See Order Avoiding and Setting Aside Transfers, In re Mou San Rim, No. 09-25572-DHS (Bankr. D.N.J. Mar. 19, 2010).

## II. JURISDICTION

The Court has jurisdiction over Debtor's appeal pursuant to 28 U.S.C. § 158(a), which provides for appellate jurisdiction in the district courts over "final judgments, orders, and decrees" of the United States Bankruptcy Court. This matter is the appeal of the Amended Order of the Bankruptcy Court dated January 6, 2010.

### III. STANDARD OF REVIEW

Federal Rule of Bankruptcy Procedure 8013 provides that a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." A bankruptcy court's decision to reopen a previously closed bankruptcy proceeding is left to the bankruptcy court's discretion, and thus, reviewed for abuse of discretion. See Zinchiak v. CIT Small Bus. Lending Corp. (In re Zinchiak), 406 F.3d 214, 222 (3d Cir. 2005). Likewise, a bankruptcy court's exercise of its equitable power is reviewed only for an abuse of discretion. See, e.g., State Bank of India v. Chalasani (In re Chalasani), 92 F.3d 1300, 1307 (2d Cir. 1996). A finding that the Bankruptcy Court abused its discretion "must rest on a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." Will v. Northwestern Univ. (In re Nutraquest, Inc.), 434 F.3d 639, 645 (3d Cir. 2006) (citation and internal quotation marks omitted).

### IV. DISCUSSION

Debtor argues that the Court erred in reopening the bankruptcy case because Creditor did not have standing to seek such relief from the Bankruptcy Court. Yet, Debtor has failed to cite a single case to support his proposition. "A case may be reopened in the court in which such case was closed to administer assets, to record relief to the debtor, or for other cause." 11 U.S.C. § 350(B); Zinchiak, 406 F.3d at 224 ("It is well-recognized that a bankruptcy proceeding may be reopened to administer estate assets *and to determine whether additional assets may be available for creditors of the estate*." (emphasis added)). A "party of interest" may move to reopen a case. Fed. R. Bankr. P. 5010. Though that phrase is not defined in the statute, it has been broadly construed and includes creditors. Collier on Bankruptcy P 5010.02[4] (Alan N. Resnick & Henry

J. Sommer eds., 16th ed. 2010); see also Nintendo Co. v. Patten (In re Alpex Computer Corp.), 71 F.3d 353, 356 (10th Cir. 1995).  Here, Debtor had failed to satisfy the judgment against him and therefore owed Creditor a large sum of money.  Accordingly, Creditor was directly affected by the administration of Debtor's estate.  The Bankruptcy Court was thus correct to deem Creditor a "party of interest" and grant Creditor standing to reopen the case.

Debtor also asserts that the Bankruptcy Court erred in giving Creditor derivative standing to recover assets from the estate.   The Third Circuit has permitted creditor standing to pursue avoidance actions in the Chapter 11 context finding that "the ability to confer derivative standing upon creditors' committees is a straightforward application of bankruptcy courts' equitable powers."  Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery, 330 F.3d 548, 568 (3d Cir. 2003).  While the Third Circuit has not addressed derivative standing for Chapter 7 creditors, other courts have permitted individual creditors to bring derivative avoidance actions where the Trustee has declined to do so.  See, e.g., In re: Trailer Source, Inc. v. Jackson Truck & Trailer Repair, Inc., 555 F.3d 231, 243-44 (6th Cir. 2009) (finding that "there is no textual support in the Code for drawing such a distinction between the Chapter 7 and Chapter 11 contexts and that "there are substantial policy reasons for allowing derivative standing in Chapter 7 proceedings"); In re: Racing Servs., Inc. v. North Dakota Racing Comm'n, 540 F.3d 892, 898 (8th Cir. 2008) (holding that "derivative standing is available to a creditor to pursue avoidance actions when it shows that a Chapter 7 trustee . . . is 'unable or unwilling' to do so"); In re: Sandenhill, Inc., 304 B.R. 692, 694 (E.D. Pa. 2004) ("[W]e frankly cannot imagine that the Third Circuit would employ a different rationale in a Chapter 7 matter [than it did in Cybergenics].").  Here, though the Bankruptcy Court noted that it did not "think there has been

any failure by the trustee to perform due diligence," it permitted Creditor to proceed with a derivative action because the Bankruptcy Court was "concerned by the facts of the case"and believed "we could have fairly quick relief here for the benefit of the estate without cost to the estate in a very unusual situation." Hr'g Tr. 28, Dec. 22, 2009. Given the precedence for allowing individual creditors to proceed derivatively and the evidence in the record indicating that Debtor transferred property without any consideration while litigation was pending, that there was indeed some potential value in the transferred apartments, and that the Trustee was aware of this evidence but declined to pursue the matter, the Bankruptcy Court did not abuse its discretion in granting Creditor derivative standing to pursue a fraudulent conveyance action.

## V. CONCLUSION

For the reasons stated, the Bankruptcy Court's Order is **affirmed** and the Debtor's appeal is **DENIED**.

                                                S/ Dennis M. Cavanaugh  
                                                Dennis M. Cavanaugh, U.S.D.J.

Date: November 3 , 2010  
Orig.: Clerk  
cc:    All Counsel of Record  
       File